FILED

DEC 11 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHAWN LAWRENCE DESAUTEL,

Plaintiff - Appellant,

v.

TETRA TECH EC, INC.,

Defendant - Appellee.

No. 12-35136

D.C. No. 2:11-cv-00187-EFS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Shawn Lawrence DesAutel appeals pro se from the district court's judgment

dismissing his employment action. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a dismissal for failure to state a claim under Federal Rule of

Civil Procedure 12(b)(6). *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We affirm.

The district court properly dismissed DesAutel's action because his claims were barred by the separation agreement that he voluntarily entered into with his former employer, Tetra Tech EC, Inc. *See Stroman v. W. Coast Grocery Co.*, 884 F.2d 458, 461-63 (9th Cir. 1989) (a settlement agreement may waive Title VII claims if the waiver is voluntary, deliberate, and informed); *Nationwide Mut. Fire Ins. Co. v. Watson*, 840 P.2d 851, 856 (Wash. 1992) (discussing enforceability of releases under Washington law).

The district court did not abuse its discretion by denying DesAutel's motion to strike Tetra's motion to dismiss because DesAutel failed to show any reason to strike the motion. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1038 (9th Cir. 2003) (providing standard of review).

The district court did not abuse its discretion by denying DesAutel's motion for sanctions because DesAutel failed to comply with the mandatory twenty-one day notice requirement. *See Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 788-89 (9th Cir. 2001) (providing standard of review and concluding that party was not entitled to Rule 11 sanctions because it failed to serve its Rule 11 motion on the opposing party twenty-days before filing the motion with the court).

DesAutel's contention that the district court was biased is not supported by

the record.

Because DesAutel does not raise the district court's denial of his motions for entry of default and default judgment in his opening brief, the issues are waived. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam) ("This court will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief." (citation and internal quotation marks omitted)).

**AFFIRMED.**